**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02963-RM-NYW

DAVID WEAVER,

    Plaintiff,

v.

SAM SILVA,
ROSS BLANK,
CITY OF STEAMBOAT SPRINGS, COLORADO,

    Defendants.

---

ORDER

---

Magistrate Judge Nina Y. Wang

    This matter is before the court by an Order of Reference to hear and determine pretrial matters, including discovery and other non-dispositive motions. [#15]. The Parties contacted the court today for an informal discovery conference held today, during which time the Parties argued about the production of certain pre-employment personnel materials related to the individual defendants [#36]. Based on the arguments of the Parties, the court understands that Plaintiff is not seeking any information related to financial disclosures made by Defendant Sam Silva ("Defendant Silva") or Defendant Ross Blank ("Defendant Blank"). The Parties acknowledge that Defendant Blank and Defendant Silva's personnel files have been disclosed, but Plaintiff seeks <u>pre-employment</u> screening materials, including psychological records, background investigations, and polygraph examination results, that may be of a sensitive nature. Defendants resist producing such documents, arguing that the materials are privileged and are

not reasonably calculated to lead to admissible evidence related to the specific causes of action asserted against Defendants.

The official information privilege has been described as "the government's privilege to prevent the disclosure of information whose disclosure would be contrary to public interest." *See Everitt v. Brezzel,* 750 F. Supp. 1063, 1066 (D. Colo. 1996). In addition, the general rule is that polygraph results are inadmissible. *See Palmer v. City of Monticello*, 31 F.3d 1499, 1506 (10th Cir. 1994); *Martinez v. Gabriel*, 2013 WL 798236, *3 (D. Colo. Mar. 5, 2013) (J. Arguello).

Nevertheless, the official information privilege is not absolute. *Ind v. Colorado Dep't of Corrections*, 2013 WL 4657599 (D. Colo. Aug. 30, 2013) (J. Mix). Under certain circumstances, other courts within the Tenth Circuit have held that pre-employment screening materials, including those relating to the mental health of law enforcement defendants, were not privileged and were relevant to the claims in dispute. *See Utter v. Thompson*, 2013 WL 875506, *2 (D. Kan. Mar. 7, 2013); *Turnbow v. Ogden City*, 254 F.R.D. 434, 437-38 (2008).

The court indicated during the conference, it would not be inclined to compel production of the documents without additional evidence of a nexus between the claims and the information sought. Nevertheless, in an informal discovery conference, the court has limited information regarding the documents at issue and the parties' respective arguments. Therefore, given the upcoming depositions, IT IS ORDERED that:

(1) To the extent that Plaintiff seeks to compel any pre-employment screening materials, such Motion to Compel should be filed no later than April 23, 2015;

(2) Defendants' response to any Motion to Compel filed by Plaintiff should be filed no later than noon on April 27, 2015; and

  (3) Should a Motion be filed, the Parties are directed to contact Chambers to set a telephonic hearing on the issue for the afternoon of April 27, 2015.

DATED: April 20, 2015      BY THE COURT:

                s/ Nina Y. Wang
                United States Magistrate Judge